IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT IN AND FOR
ORANGE COUNTY, FLORIDA

CASE NO.

ERLE MCCAN,

    Plaintiff,

vs.

ELECTRONIC ARTS-TIBURON.,
A FLORIDA CORPORATION,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ERLE MCCAN, ("MCCAN"), by and through undersigned counsel, hereby sues Defendant, ELECTRONIC ARTS-TIBURON, A FLORIDA CORPORATION ("EA").

### JURISDICTION AND VENUE

1. MCCAN was an employee of EA and brings this action against EA for unpaid overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (hereinafter, "FLSA").

2. Subject matter jurisdiction exists with this court pursuant to 29 U.S.C. § 216(b).

3. Venue is proper in this court, because all or a substantial part of the events giving rise to the claim, including the unlawful employment practices, occurred in Orange County, Florida.

### PARTIES

4. Plaintiff is an individual who at all times material to this Complaint was residing in Orange County, Florida.

5. At all times material to this Complaint, Defendant, EA, was and is a Florida for-profit

corporation authorized to do business in the State of Florida with its principal place of business located at 1950 Summit Park Drive, Orlando, Florida 32810.

## EA'S VIOLATION OF THE FLSA

6. MCCAN was an employee of EA from December, 2006, until May, 2010.

7. MCCAN held the title of "Audio Artist 2" when he commenced employment with EA in December, 2006, but was re-classified the following year as an "Audio Artist 3." MCCAN's primary and routine job duties while employed by EA were performing engineering tasks, such as mastering sounds, recording and editing audio, assisting with the casting and interviewing of voice talent, and post video editing.

8. MCCAN's last base salary was $78,000.00 annually based on a 40 hour work week.

9. At all times material to this Complaint, EA was an employer as defined under 29 U.S.C. § 203(d).

10. At all times material to this Complaint, EA was and is an enterprise covered by the FLSA, as defined by 29 U.S.C. § 203(r) and 203(s), and engaged in interstate commerce.

11. MCCAN, at all times relevant to this action, engaged in interstate commerce as defined by the Fair Labor Standards Act, 29 U.S.C. § 203(s).

12. The annual gross sales volume of EA exceeded $500,000.00 per year at all times relevant to this action.

13. In nearly all weeks during his employment with EA, MCCAN worked in excess of 40 hours. In fact, upon information and belief, the estimated average number of hours MCCAN worked in excess of 40 hours per week from April 1, 2008, through the date MCCAN's employment with EA was terminated were, minimally, as follows:

-2-

| | |
|---|---|
| April 1, 2008 through July 2008 | 44 to 56 hours per week in excess of 40 hours |
| July 2008 through June 2009 | 32 to 44 hours per week in excess of 40 hours |
| August 2009 through May 2010 | 15 to 25 hours per week in excess of 40 hours |

14. EA was to pay MCCAN for all hours he worked over 40 hours in a week at the rate of one and one half times MCCAN's regular rate.

15. EA failed to pay MCCAN for the hours he worked in excess of 40 hours per week as required. Thus, at all times material to this action, EA failed to comply with 29 U.S.C. § 201 through 209 of the FLSA by failing to compensate MCCAN at a rate not less than one and one half times the regular rate at which he was employed for all hours worked in excess of forty (40) within a work week.

16. MCCAN is entitled to receive proper payment of one and one half times his regular rate of pay for each hour worked in excess of forty (40) per work week.

17. EA's violation of the FLSA was intentional, willful and unlawful in that it refused to properly pay MCCAN in compliance with the FLSA.

18. Due to the EA's willful violation of the FLSA, MCCAN is entitled to liquidated damages of an amount equal to his unpaid overtime wages, as well as the recovery of reasonable attorney's fees and costs.

19. MCCAN has retained undersigned counsel to represent his in this matter and has agreed to pay a reasonable attorney's fee for services provided.

WHEREFORE, Plaintiff MCCAN, respectfully requests judgment against Defendant EA for payment of unpaid overtime wages, an additional amount equal to the unpaid overtime wages found to be due and owing as liquidated damage, an award of reasonable attorney's fees and costs incurred

in this action, and any other relief that this Court determines to be just and proper.

JURY TRIAL DEMAND

Plaintiffs request trial by jury on all issues in this action so triable.

DATED: April 1, 2011.

s/ Joseph R. Coker

---

RICHARD W. SMITH, ESQUIRE
Florida Bar No. 13943
JOSEPH R. COKER
Florida Bar No. 0015165
Fisher, Rushmer, Werrenrath,
Dickson, Talley & Dunlap, P.A.
Post Office Box 712
Orlando, Florida 32802-0712
(407) 843-2111 - Telephone
(407) 422-1080 - Facsimile
Attorneys for Plaintiffs