**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ERLE MCCAN,**

                **Plaintiff,**

**-vs-**                                                **Case No. 6:11-cv-709-Orl-31DAB**

**ELECTRONIC ARTS-TIBURON,**

                **Defendant.**
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **JOINT MOTION TO APPROVE SETTLEMENT (Doc. No. 21)**
>
> **FILED:**      **August 29, 2011**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

      The matter has been referred by the District Judge to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the

FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

Based on the Plaintiff's responses to the Court's Interrogatories (Doc. No. 14), Plaintiff was employed by Defendant as an audio artist performing engineering tasks from December 2006 to May 2010. Plaintiff claimed entitlement to between $28,883.90 and $35,399.26 based on Plaintiff's estimates of hours worked Doc. No. 14. The settlement to Plaintiff of $27,750 in unpaid wages, with no recovery for liquidated damages is slightly below the range for unpaid damages sought by Plaintiff.

Defendant's Answer and Affirmative Defenses asserted that Plaintiff was an employee exempt from overtime under the creative professional exemption, in that Plaintiff was regularly engaged in creative work mastering sounds, recording and editing audio, casting and interviewing voice talent and post video editing. Doc. 5. The parties mediated the case on August 19, 2011, and were able to reach a settlement. Doc. 23.

The parties have agreed that Defendant will pay Plaintiff's attorneys $9,750, $7,560 for fees and $2,190 for costs including mediation, filing fees, summons, and service of process fees.

Plaintiff's counsel litigated the case on behalf of Plaintiff incurring 46.9 hours; total fees of $7,560 equate to $161.19 per hour for an hourly rate, well below the average rate awarded in other FLSA cases and below the hourly rate Plaintiff's counsel generally charge of $225 to $275. The amount of time devoted and the hourly rates are not unreasonable under the circumstances of this case.

Settlement in the amount of $27,750 to Plaintiff for unpaid wages and liquidated damages, and $9,750 for attorney's fees and costs is a fair and reasonable settlement. It is **RECOMMENDED** that the settlement be accepted by the District Court as a "fair and reasonable resolution of a bona fide dispute" over FLSA issues.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 23, 2011.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy